**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TIMOTHY ADAMS, : | |
| : | Civil No. 07-2133 (RMB) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| WARDEN SCHULTZ, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

> TIMOTHY ADAMS, Petitioner pro se
> #42380-019
> F.C.I. Fairton
> P.O. Box 420
> Fairton, New Jersey 08320

**BUMB, District Judge**

This matter is before the Court on the petition of Timothy Adams ("Adams") for habeas corpus relief under 28 U.S.C. § 2241.[1] This is petitioner's fourth application for habeas relief under § 2241 in this district court. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

---

[1] Petitioner also filed an application to proceed in forma pauperis. Based on his affidavit of indigency and certified prison account balance, the Court will grant petitioner's application and permit him to proceed in forma pauperis in this matter.

I. BACKGROUND

The following facts are taken from the petition and its attachments, as well as from his earlier-filed § 2241 petitions, and are assumed true for purposes of this decision.

On April 13, 1995, Adams was convicted on charges of conspiracy to distribute and to possess with the intent to distribute cocaine base ("crack"), before the United States District Court for the Middle District of North Carolina.[2] On August 2, 1995, Adams was sentenced to a term of life imprisonment. He appealed his conviction and sentence, arguing that (1) there was insufficient evidence; (2) the evidence was erroneously admitted; (3) the statute and guidelines employed were unconstitutional; and (4) the sentence violated his rights under the Eighth Amendment. The United States Court of Appeals for the Fourth Circuit affirmed Adams' conviction and sentence. United States v. Adams, 103 F.3d 120 (4th Cir. 1996)(Table) (unpublished opinion at 1996 WL 721890). The United States Supreme Court denied certiorari in February 1997. Adams v. United States, 520 U.S. 1180 (1997).

On November 26, 1997, Adams filed a pro se motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.

---

[2] The charges were based on activity, meetings, and transactions alleged to have occurred from late 1989 to November 1994. The named co-conspirators were Patrick "PZ" Harvey and Tyrone "Fly Ty" Smith.

He raised the following arguments: (1) his trial counsel was ineffective for failing to disclose a conflict of interest, failing to adequately cross-examine witnesses, failing to call witness on Adams' behalf, failing to object to sentencing errors, advising Adams not to testify at trial, and failing to conduct an adequate pretrial investigation; and (2) prosecutorial misconduct for permitting witnesses to give false testimony at trial, failing to disclose impeachment information, and failing to report negotiations with Adams' attorney that were against Adams' interest.  On August 24, 1998, the United States Magistrate Judge filed a Report and Recommendation recommending that the § 2255 motion be summarily dismissed.  Adams filed objections to the Report and Recommendation, as well as a motion to expand the record and hold an evidentiary hearing.  On January 27, 1999, the District Court denied Adams' application for relief under § 2255, and denied the motion for an evidentiary hearing as moot.  Adams appealed.  The Fourth Circuit denied a certificate of appealability, and the appeal dismissed on June 24, 1999.  <u>United States v. Adams</u>, 182 F.3d 910 (4th Cir. 1999)(Table).

    Thereafter, Adams filed several motions.  On November 2, 1999, he filed a motion under <u>Fed.R.Civ.P.</u> 60(b).  On January 14, 2000, he filed a motion to amend his pleadings.  On May 15, 2000, Adams filed a motion to take judicial notice.  On August 22,

2000, he filed a motion to set a hearing.  On September 27, 2000, Adams filed a motion for a writ of mandamus.

On November 1, 2000, the court denied the motion to amend the pleadings, the motion to take judicial notice, the motion to set a hearing, and the motion for judgment.  On December 19, 2000, the district court denied Adams' Rule 60(b) motion.  Adams appealed to the Fourth Circuit, and the Court of Appeals affirmed the district court's decision.

As stated above, a search of the docket in this District Court reveals that Adams has filed three prior actions in this district challenging his conviction.  In 2005, Adams filed a Complaint for Independent Action, asserting jurisdiction under 28 U.S.C. § 1331, in which he alleged that trial counsel's affidavit in his § 2255 proceeding amounted to a fraud on the District Court for the Middle District of North Carolina.  <u>Adams v. United States</u>, Civil No. 05-1677 (RBK).  The Honorable Robert B. Kugler held that the district court lacked jurisdiction to re-open or vacate the judgment, for fraud on the court, in a matter pending in another federal district court, citing <u>Stewart v. Johnston</u>, 97 F.2d 548 (9th Cir. 1938), <u>cert. denied</u>, 312 U.S. 677 (1941) (federal district court in district of confinement has no authority in habeas corpus matters to review the action of the district court in which the petitioner was convicted or to issue writs of certiorari to that court).  However, pursuant to its

4

duty to construe pro se pleadings liberally, Judge Kugler construed the complaint as a § 2241 habeas petition, and then dismissed the action for lack of jurisdiction as an impermissible second or successive § 2255 motion.

Adams thereafter filed a § 2241 petition on or about March 29, 2006, see <u>Adams v. Miner</u>, Civil No. 06-1477 (RBK), in which he challenged the very same conviction at issue in the present case on similar grounds. That case also was assigned to Judge Kugler, who again dismissed the § 2241 petition for lack of jurisdiction, finding that petitioner demonstrated no exception to the gate-keeping requirements of § 2255 as set forth in <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

In August 2006, Adams filed a third action under 28 U.S.C. §2241, claiming that relief under § 2255 is inadequate and ineffective, and that the gate-keeping requirements should not be applied because he is actually innocent of the crimes for which he was convicted. <u>Adams v. Schultz</u>, Civil No. 06-3756 (NLH). Adams based his claim of actual innocence on several arguments; namely, (a) prosecutorial misconduct, in that the Government used allegedly perjured testimony of witnesses at trial regarding certain dates of the charged conspiracy and drug transactions, and (b) ineffective assistance of counsel, alleging that his attorney had a conflict of interest and failed to strenuously

cross-examine a witness,[3] that his attorney failed to advise Adams that Adams had the right to make the final decision as to whether to testify at trial, and generally, that his counsel was ineffective in investigating the case and cross-examining witnesses. Adams essentially argued that his trial was "filled with falsehoods from beginning to end." The court found that Adams' claim of actual innocence was illusory, and was based on arguments previously tested and rejected by the courts numerous times. See Adams v. Schultz, Civil No. 06-3756 (NLH)(January 11, 2007 Opinion and Order, Docket Entry Nos. 3, 4). The court's decision in Civil No. 06-3756 (NLH) is currently on appeal before the United States Court of Appeals for the Third Circuit.

In the present action, Adams once again seeks to invalidate his conviction and sentence. This time, Adams asserts that he is actually innocent of the greater offenses charged, and that his conviction and sentence is illegal pursuant to United States v. Booker, 543 U.S. 220 (2005).

---

[3] Adams alleged that, in August 1999, new evidence from petitioner's private investigator came to light after his direct appeal was completed. This evidence showed that Adams' counsel represented a witness, Ms. Jetter, in her criminal matter, confirming a conflict of interest. The district court noted that this "new evidence" was known to Adams before he filed his § 2255 motion, and apparently was referenced in his § 2255 proceedings.

II. ANALYSIS

A. Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B. Petitioner's Claims

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[4]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

---

[4] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[5] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of

---

[5] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  <u>Id.</u>  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  <u>Id.</u> at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions.  See <u>Dorsainvil</u>, 119 F.3d at 251.  The <u>Dorsainvil</u> exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  <u>Id.</u>

To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Adams attempts to argue that he is entitled to habeas relief under § 2241 because he is actually innocent of the aggravated substantive charges for which he was convicted.  A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[6]  A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show

---

[6] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

(1) new reliable evidence not presented at trial establishing, and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Further, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. House, 126 S.Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In this case, Adams' claim of "actual innocence" is not based on any new or reliable evidence. Rather, Adams relies on the Supreme Court's pronouncements in Booker; Blakely v. Washington, 542 U.S. 296 (2004); Ring v. Arizona, 536 U.S. 584 (2002)(the jury must find the existence of the fact that an aggravating factor existed); and Apprendi v. New Jersey, 530 U.S. 466 (2000).

In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), applying the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the

12

maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04 (internal quotations omitted).

The rules announced in Apprendi and Blakely, however, are not applicable retroactively to cases on collateral review. See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in United States v. Booker, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (holding that Apprendi v. New Jersey, 503 U.S. 466 (2000), does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (holding that Apprendi does not apply retroactively to cases on collateral review). See also United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review).

Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

Thus, despite Adams' argument otherwise, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi. The Court of Appeals for the

13

Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), cert. denied, 126 S.Ct. 288 (Oct. 3, 2005). See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); See also Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. 591 (Oct. 31, 2005).

Therefore, Adams has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy. Adams cites no intervening change in the law that renders non-criminal the crimes for which he was convicted. He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. His claim of actual innocence is illusory, and one that has been rejected in Adams v. Schultz, Civil No. 06-3765 (NLH). Therefore, this Petition must be considered a second or successive motion under § 2255, which Adams has not received

authorization to file, and over which this Court lacks jurisdiction.[7]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Adams indicates that he has already petitioned the Court of Appeals for the Fourth Circuit for leave to file a successive § 2255 motion based on the Supreme Court's ruling in Blakely v. Washington, and that the Fourth Circuit denied this request on November 12, 2004, and because Adams has already had numerous opportunities to present proofs of his "actual innocence," and because Adams fails to allege any of the predicate grounds permitting a second or successive § 2255 motion, this Court finds that it would not be in the interests of

---

[7] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Adams an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Adams in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

justice to transfer this Petition to the United States Court of Appeals for the Fourth Circuit. Accordingly, this Petition must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed with prejudice for lack of jurisdiction. An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: May 17, 2007