**NOT FOR PUBLICATION**

                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY ADAMS, | : | |
| | : | Civil Action No. 07-2133 (RMB) |
|     Petitioner, | : | |
| | : | |
|     v. | : | **O P I N I O N** |
| | : | |
| PAUL SCHULTZ, WARDEN, | : | |
| | : | |
|     Respondent. | : | |

**APPEARANCES:**

    TIMOTHY ADAMS, Petitioner pro se
    #42380-019
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**BUMB**, District Judge

    This matter comes before the Court upon pro se petitioner's, Timothy Adams ("Adams") motion for reconsideration of this Court's May 17, 2007 Opinion and Order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction. Adams filed his motion for reconsideration on May 29, 2007. (Docket Entry No. 4).

    This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is denied.

**I.   BACKGROUND**

On or about May 11, 2007, Adams filed his fourth application for habeas relief under 28 U.S.C. § 2241, seeking to invalidate his conviction and sentence as imposed by the United States District Court for the Middle District of North Carolina in April 1995.  In his petition, Adams asserted that he is actually innocent of the greater offense charged and that his conviction and sentence is illegal under United States v. Booker, 543 U.S. 220 (2005).  On May 17, 2007, this Court dismissed the petition for lack of jurisdiction, as a second or successive motion under 28 U.S.C. § 2255.  In particular, the Court rejected Adams' assertion of "actual innocence", and found petitioner's reliance on Booker unavailing.

In his motion for reconsideration, Adams argues that the Court must accept his allegation of actual innocence as true; that he was never convicted of aggravated factors, which were not enacted as substantive crimes, and that he was sentenced to a non-existent offense; that he need not proffer evidence of his actual innocence; and that he never claimed that Booker should be applied retroactively, but rather that he is actually innocent of the higher sentence in light of Booker.

**II.   ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v.

Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88

F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v.

Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Adams essentially takes issue with this Court's determination and rejection of his claim of actual innocence. He does not allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter. Instead, Adams merely disagrees with this Court's decision. In short, Adams is simply re-litigating issues already considered and rejected by the Court in its May 17, 2007 Opinion. Thus, Adams cannot satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly

discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

Thus, Adams' only recourse, if he disagrees with this Court's decision, should have been via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons expressed above, Adams' motion for reconsideration will be denied. An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: June 7, 2007